# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT PADUCAH

UNITED STATES OF AMERICA                                      PLAINTIFF

v.                                        CRIMINAL ACTION NO. 5:07-CR-24-R-3

LAWRENCE MURFF                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

Defendant Lawrence Murff, *pro se*, filed a motion for modification of his term of imprisonment (DN 71). The United States filed a response thereto (DN 76). Defendant filed a reply (DN 77), and the United States filed a supplemental response (DN 80). The matter being ripe, the Court will deny Defendant's motion for the following reasons.

In his motion, Defendant asks this Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the United States Sentencing Commission's decision to lower the thresholds in U.S.S.G. § 2D1.1 for crack cocaine. He argues that his sentence should be lowered under § 3582(c)(2), which provides that in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission upon motion the Court may reduce the term of imprisonment.

The United States responds that the Presentence Report (PSR) prepared for Defendant's sentencing on June 13, 2008, used the November 1, 2007, Sentencing Guidelines in conjunction with the March 3, 2008, supplement and the May 1, 2008, amendments to the Guidelines. Thus, Defendant has already received the benefit of the November 1, 2007, Guidelines for crack cocaine, and Defendant is not entitled to any further reduction.

In his reply, Defendant argues that Amendment 706 to U.S.S.G. § 2D1.1, which is to be applied retroactively, was put into effect on March 3, 2008. Defendant argues that the United

States has admitted that in sentencing him the Guideline in effect prior to the two-level reduction was used. He also argues that this Court has the discretion to sentence Defendant to a lower ratio even than the 100:1 currently in effect. In support, he cites *United States v. Gully*, 619 F. Supp. 2d 633 (N.D. Iowa 2009).

In its supplemental response, the United States argues that Defendant's sentence may only be modified in limited circumstances, and an effort for legislative reform does not provide authority for a retroactive reduction of a sentence. The United States points out that *Gully* did not involve a request for relief based on § 3582(c)(2).

Effective November 1, 2007, the United States Sentencing Commission amended the Drug Quantity Table at Section 2D1.1 so that crack cocaine quantities were generally lowered by two levels. Subsequently, the Sentencing Commission amended Section 1B1.10 to make the crack cocaine amendment retroactive, effective March 3, 2008. On April 16, 2008, the United States Sentencing Commission promulgated Amendment 715 to the United States Sentencing Guidelines. Amendment 715 modifies the commentary to § 2D1.1 to revise the manner in which combined offense levels are determined in cases involving crack cocaine and one or more other controlled substance. *Id.* The new amendment additionally expands the listing in § 1B1.10(c) to include Amendment 715 as an amendment that may be applied retroactively pursuant to 28 U.S.C. § 994(u).

First, the Court finds that Defendant has misunderstood what the United States stated in its response and what actually happened at his sentencing. As the United States explained, the PSR prepared for Defendant's sentencing on June 13, 2008, used the November 1, 2007, Sentencing Guidelines, *the March 3, 2008, supplement, and the May 1, 2008, amendments to the*

*Guidelines*. In other words, Defendant did receive the benefit of the lower Guidelines.

Section 3582(c) states:

> The court may not modify a term of imprisonment once it has been imposed except that–
>
> * * *
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range *that has subsequently been lowered by the Sentencing Commission* pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c) (emphasis added). Here, the Sentencing Commission has not lowered the term of imprisonment subsequent to Defendant's sentencing. Consequently, § 3582(c)(2) is inapplicable.

Defendant's reliance on *Gully* is also misplaced. *Gully* involved initial sentencing, not a motion to modify a sentence already in place. In that case, the district court found that it had the authority to reject the 100:1 ratio and adopt a 1:1 ratio, which it did in that case but also considered the factors under 18 U.S.C. § 3553(a), which ultimately resulted in a sentence of more than twice the upper end of the guideline range under a 1:1 ratio. That case is not apposite in this situation.

Wherefore, **IT IS ORDERED** that Defendant's motion for modification of his term of imprisonment (DN 71) is **DENIED**.

Date:

cc: Defendant Lawrence Murff, *pro se*
United States Attorney
4413.009

3